IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBNEKA WESNEY DUNN,

        Plaintiff,

v.

CAROLYN COLVIN,
**Commissioner of the Social Security Administration,**

        Defendant.

1:12-cv-3256-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [14] recommending that this action be dismissed with prejudice.

**I.    BACKGROUND**[1]

On October 3, 2102, Plaintiff Robneka Wesney Dunn ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner")

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

who denied Plaintiff's claim for Child's Supplemental Security Income ("SSI") under the Social Security Act (the "Act").

On November 14, 2007, Plaintiff's mother protectively filed an application for benefits on the basis of a learning disability and skin rash. (R&R at 1.) Plaintiff filed another application for SSI on January 4, 2008. (Id.) A child under the age of eighteen is considered disabled for the purposes of disability benefits if he or she has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906.  Part of the analysis that the Commissioner must conduct involves determining whether the claimant's impairment meets, medically equals, or exceeds the severity of any impairments found in the "Listing of Impairments" identified in the Social Security regulations.  See 20 C.F.R. § 416.924(d).

The Listing of Impairments describes, for each of the major body systems, impairments which are considered severe enough to prevent an adult from doing any gainful activity, or, for a child,[2] that cause marked and severe functional

---

[2] Plaintiff was 14 years old when her mother protectively filed an application on her behalf and 16 when the ALJ issued his denial.

limitations.  See 20 C.F.R. § 404.1525(a); 20 C.F.R. § 416.925(a).  Plaintiff argued that the record evidence establishes that she suffers from mental retardation pursuant to Listing 112.05(D).  (R&R at 8.)   Plaintiff based this conclusion primarily on Plaintiff's low IQ score reflecting "border line" intelligence, statements from the Plaintiff's teacher Ms. Nesbitt, and certain medical progress notes reflecting behavioral problems at school.  (Id. at 15.)

Plaintiff's application for benefits was denied initially on March 31, 2008, and was denied on reconsideration on July 8, 2008.  (Id.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on September 29, 2009.  (Id. at 1-2.)  The ALJ's decision was issued on February 25, 2010.  In it, the ALJ denied Plaintiff's claim on the grounds that she was not under a "disability" as defined by the Act.  (Id. at 2.)

The ALJ made the following findings of fact:

1. The claimant was born on May 1, 1993.  Therefore, she was a school-age child on November 14, 2007, the date the application was filed, and is currently an adolescent.

2. The claimant has not engaged in substantial gainful activity at any relevant time.

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder and borderline personality disorder.

3

    4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 416.924, 416.925 and 416.926).

    5.      The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)).

    6.      The claimant has not been disabled, as defined in the Social Security Act, since November 14, 2007, the date the application was filed.

(Id. at 6.)  The ALJ did not expressly discuss the mental retardation listing and why Plaintiff failed to meet it, although the ALJ found that Plaintiff's limitations did not meet or present the functional equivalent of any Listing.  (Id. at 10.)  The ALJ also determined that Plaintiff had less than marked limitations based upon the results to her Wide Range Achievement Test 4 ("WRAT-4") in the "low average to average" range, notes from Plaintiff's examining psychologist, Dr. Long, stating that her IQ score understated her abilities, and Plaintiff's improved performance once she began receiving mental health treatment and medication in 2009.  (Id. at 16.)  The ALJ further found that "statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible."  (Id. at 23 (quoting Record at 27).)

On July 20, 2012, the Appeals Council of the Social Security Administration denied Plaintiff's Request for Review of the ALJ's decision, and made the ALJ's

decision the final decision of the Commissioner.  (Id.)  Plaintiff, having exhausted all administrative remedies, filed this action on October 3, 2012.  (Doc. 2.) Plaintiff alleges that the Commissioner erred for the following reasons:

1. The ALJ deprived Plaintiff of a full and fair hearing when he did not evaluate Plaintiff's impairments and symptoms according to Listing 112.05.

2. Plaintiff's impairments are so severe that they functionally equal the listings; the ALJ erred by finding otherwise.

3. The ALJ did not apply the appropriate legal standards in determining Plaintiff's credibility and the ALJ's credibility determination is not supported by substantial evidence.

(Id. at 7.)

On August 26, 2013, Magistrate Judge Anand issued his R&R recommending that the final decision of the Commissioner be affirmed, finding that substantial evidence supports the ALJ's findings.  Plaintiff did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A

district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

  B. Analysis

  Plaintiff did not object to the R&R's findings or conclusions, and the R&R is reviewed for plain error.  The Court's review of the Commissioner's final decision is limited to determining whether substantial evidence supports the Commissioner's findings, and whether she applied proper legal standards.  The Commissioner's findings are otherwise conclusive.  See Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  Substantial evidence is more than a scintilla, but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be enough to justify a refusal to direct a verdict were a case before the jury.  See Richardson v. Perales, 402 U.S. 389 (1971); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into

account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986). In contrast, the Court's review of the ALJ's application of legal principles is plenary. See Walker, 826 F.2d at 999.

Magistrate Judge Anand first addressed Plaintiff's claim that the ALJ did not evaluate Plaintiff's impairments and symptoms according to Listing 112.05. The Magistrate Judge found that the ALJ properly considered the Plaintiff's low IQ score and academic history in assessing the Plaintiff's functional domains. (R&R at 13.) The ALJ did not expressly discuss the mental retardation listing and why Plaintiff failed to meet it, but did determine that Plaintiff's low IQ score did not reflect her intellectual capabilities. The ALJ found that Plaintiff's actual academic history, WRAT-4 test results, and Dr. Long's own conclusions that Plaintiff's IQ score underestimated Plaintiff's academic abilities, showed that Plaintiff did not suffer from "significantly subaverage general intellectual functioning with deficits in adaptive functioning." (Id. at 13-14.) The Court does not find plain error in these factual findings and conclusion. See Gray v. Comm'r of Soc. Sec., 454 F. App'x 748, 750 (11th Cir. 2011) ("There is no requirement that the ALJ mechanically recite the evidence leading to his ultimate conclusion."); Jackson ex rel. K.J. v. Astrue, 734 F. Supp. 2d 1343, 1365 n.17 (11th Cir. 2010) ("ALJ's lack

of discussion of a specific Listing . . . is not fatal to the ALJ's decision.");

Hutchinson v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) ("While the ALJ did not explicitly state that appellant's impairments are not contained in the listings, such a determination was implicit in the ALJ's decision.").

Plaintiff next argued that the ALJ erred in finding no marked limitations in at least two of the three following domains: acquiring and using information, attending and completing tasks, and interacting and relating with others. (R&R at 15.) The Magistrate Judge found that Plaintiff claimed mental limitations based primarily on a letter and a questionnaire from Plaintiff's teacher, Ms. Nesbitt, describing Plaintiff's "obvious" problems in various areas, stating that Plaintiff required extra help and should be evaluated by a doctor. (Id. at 16-17.) The ALJ discussed and considered Ms. Nesbitt's report, finding that the evidence as a whole indicated that Plaintiff did not have a marked limitation. (Id. at 17.) This conclusion was based upon substantial evidence including the mixed conclusions included in Ms. Nesbitt's report,[3] Dr. Long's evaluation, Plaintiff's mental health treatment, and Plaintiff's overall academic history. The Court finds no plain error

---

[3] Although Ms. Nesbitt's report stated that Plaintiff had "obvious" problems that should be "further evaluated," she declined to check any box noting a "serious" problem, stated that Plaintiff's problem was behavioral, not academic, and submitted the report prior to Plaintiff's improvement following mental health treatment and medication.

in these findings or conclusion that the ALJ was within his discretion to conclude that Plaintiff established marked limitations.

The Magistrate Judge also addressed Plaintiff's claim that the ALJ did not support, with substantial evidence, his determination of Plaintiff's credibility. (Id. at 23.) Plaintiff claims that "the ALJ misstated some of [Plaintiff's] teacher's opinions, and consultative [sic] Dr. Long's opinion," and "did not acknowledge in evaluating Plaintiff's credibility Plaintiff's need for medications." (Id.) Magistrate Judge Anand concluded that the ALJ's credibility determination was a "clearly articulated credibility finding with substantial supporting evidence in the record," based upon Dr. Long's report, Plaintiff's academic record, and the testimony of Plaintiff's mother. (Id. at 28 (quoting Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).) To the extent that the ALJ may have mischaracterized Dr. Long's opinion, the ALJ found that the mistake was, at most, harmless error. The Court does not find plain error in these factual findings or conclusions. See 20 C.F.R. § 416.929(c)(3) (Evaluating a subject's symptoms includes consideration of a subject's daily activities, the location, duration, frequency, and intensity of the symptoms, the type, dosage, and effectiveness of medication, and any measures used by the claimant to alleviate the pain); Jamison v. Bowen, 814 F.2d 585, 588-89 (11th Cir. 1987) (stating that ALJs are not required to cite particular regulations,

cite specific cases, or use particular phrases or formulations in their review of a plaintiff's subjective symptoms); <u>Kemp v. Astrue</u>, 308 F. App'x 423, 425 (11th Cir, 2009) (Where an ALJ makes a factual error, the error will be considered harmless if it is clear that the error did not affect the ALJ's ultimate determination."); <u>Cawley v. Astrue</u>, No. 1:10-cv-538-TFM, 2011 WL 4435435, at *6 (M.D. Ala. Sept. 23, 2011) ("Regulations at 20 C.F.R. § 404.1529(c)(4) permit an ALJ to consider inconsistencies or conflicts between a claimant's statements and other evidence.").

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [14] is **ADOPTED**, and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 21st day of January 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE